UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN CHRISTIAN,

      Plaintiff,

v.                                     Case No. 09-13337
                                       Honorable Patrick J. Duggan

WELLS FARGO BANK, ARGENT
MORTGAGE, THE COUNTY OF WAYNE,
and TROTT & TROTT,

      Defendants.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 3, 2009.

PRESENT:  THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Plaintiff initiated this *pro se* action against Defendants on August 24, 2009, challenging foreclosure proceedings related to real property located at 11395 Vaughan in Detroit, Michigan ("property"). On August 31, 2009, Plaintiff filed an "Ex Parte Emergency Motion for Automatic Stay of Proceedings in the 36th District Court or in the Alternative for Temporary Restraining Order." For the reasons that follow, Plaintiff's motion is denied.

**Background**

According to Plaintiff's Complaint and pending motion, on or about May 7, 2005,

Plaintiff signed a mortgage on the property in connection with a loan from Defendant Wells Fargo Bank ("Wells Fargo"). (Compl. ¶ 5.) Plaintiff claims that he was not provided with the "Notice of Right to Cancel" document at the closing, in violation of the Truth in Lending Act. (*Id.* ¶ 7.) Apparently Plaintiff subsequently defaulted on the loan and foreclosure proceedings were initiated, resulting in a foreclosure sale. Plaintiff alleges that Adrienne Sanders, who executed the Sheriff's Deed following the foreclosure sale, misrepresented that she was duly authorized to act as a "deputy Sheriff" when she in fact was not a deputy, undersheriff or sheriff. (*Id.* ¶ 1; Mot. ¶ 3.)

It appears that proceedings subsequently were instituted in the 36th District Court for the State of Michigan to evict Plaintiff from the property. A hearing in the eviction proceedings was held in the 36th District Court on August 28, 2009. (Mot. ¶ 5.) Apparently a judge of the district court issued a Writ of Eviction, as Plaintiff now asks this Court to stay the writ or issue a temporary restraining order preventing Defendant Wells Fargo from evicting Plaintiff from the Property. (*Id.* ¶ 8.)

## Analysis

Plaintiff seeks relief from the state court's eviction order in his pending motion. Pursuant to the *Rooker-Feldman* doctrine, this Court lacks subject matter to grant Plaintiff relief. Under that doctrine, "lower federal courts lack subject matter jurisdiction to review the decisions of state courts." *Givens v. Homecomings Financial*, 278 Fed. App'x 607, 608-09 (6th Cir. May 20, 2008) (unpublished opinion) (attached as Ex. 1) (citing *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311 (1983) and *Rooker*

*v. Fid. Trust Co.*, 263 U.S. 413, 416, 44 S. Ct. 149, 150 (1923)).  As the Supreme Court recently clarified, application of the *Rooker-Feldman* doctrine "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting [federal] district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517,1521-22 (2005).

The circumstances of the present case are identical to those in *Givens*.  Like the plaintiff in that case, Plaintiff lost a state court foreclosure and possession action that culminated in an eviction order.  *Givens*, 278 Fed. App'x at 608.  Also like the plaintiff in *Givens*, Plaintiff is asking a federal district court to temporarily enjoin the execution of the state court order.  As the Sixth Circuit concluded in *Givens*, this Court lacks jurisdiction to adjudicate Plaintiff's request.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Ex Parte Emergency Motion for Automatic Stay or Proceedings in the 36th District Court or in the Alternative for Temporary Restraining Order is **DENIED**.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
Melvin Christian
11395 Vaughan St.
Detroit, MI 48228

# Exhibit 1

This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Sixth Circuit Rule 28. (Find CTA6 Rule 28)

United States Court of Appeals,
Sixth Circuit.
Jason GIVENS, Plaintiff-Appellant,
v.
HOMECOMINGS FINANCIAL, Defendant-Appellee,
Trott & Trott, P.C., Defendant-Appellee,
Susan Myers, Defendant-Appellee.
**No. 07-2359.**

May 20, 2008.

**Background:** Mortgagor brought Fair Debt Collection Practices Act (FDCPA) action against mortgagee following state court order granting mortgagee possession of residence due to mortgagor's default. The United States District Court for the Eastern District of Michigan dismissed the action. Mortgagor appealed.

**Holdings:** The Court of Appeals, Rogers, Circuit Judge, held that:
(1) federal court lacked subject matter jurisdiction over action under *Rooker*- *Feldman* doctrine, and
(2) action was also barred by res judicata.

Affirmed.

West Headnotes

**[1] Courts 106 ⚷509**

106 Courts
    106VII Concurrent and Conflicting Jurisdiction
        106VII(B) State Courts and United States Courts
            106k509 k. Vacating or Annulling Decisions. Most Cited Cases

Federal court lacked subject matter jurisdiction over Fair Debt Collection Practices Act (FDCPA) action brought against mortgagee following state court order granting mortgagee possession of residence due to mortgagor's default on mortgage, under *Rooker*- *Feldman* doctrine, since FDCPA action was effectively an attempt to appeal the state court order. Fair Debt Collection Practices Act, § 802 et seq., 15 U.S.C.A. § 1692 et seq.

**[2] Mortgages 266** 🗝️**497(1)**

266 Mortgages
    266X Foreclosure by Action
        266X(K) Judgment or Decree
            266k497 Conclusiveness, Operation, and Effect of Judgment or Decree
                266k497(1) k. In General. Most Cited Cases

Fair Debt Collection Practices Act (FDCPA) action that was brought against mortgagee after state court order granted mortgagee possession of residence due to mortgagor's default on mortgage was barred by res judicata, since it was based on issue of whether mortgagee was entitled to possession of the property, and this issue had been litigated in the state courts. Fair Debt Collection Practices Act, § 802 et seq., 15 U.S.C.A. § 1692 et seq.

**\*608** On Appeal from the United States District Court for the Eastern District of Michigan.

Before: ROGERS, COOK, and McKEAGUE, Circuit Judges.

ROGERS, Circuit Judge.

**\*\*1** Jason Givens appeals the dismissal of his Fair Debt Collection Practices Act ("FDCPA") action under the doctrines of *Rooker*- *Feldman* and *res judicata.* Givens's mortgagee obtained a state court order granting it possession of Givens's residence after he defaulted on his home mortgage. Givens then filed the immediate action in district court, seeking an injunction barring the enforcement of the order of possession. Because Givens's suit is essentially an appeal from a state court decision, we affirm. The federal district courts do not hear appeals from state courts.

In December 2004, Givens executed a mortgage on his home. He defaulted on the loan shortly thereafter, and the mortgagee, JP Morgan Chase bank, foreclosed. After a sheriff's sale was held, JP Morgan Chase brought an eviction action in Michigan's 36th District Court. That court issued an order granting possession to JP Morgan Chase and requiring Givens to vacate the premises. Givens appealed that judgment to the Wayne County Circuit Court, but the appeal was dismissed due to his failure to file a transcript of the lower court proceedings.

In December 2006, Givens brought the instant action in federal district court against Homecomings

Financial, who was JP Morgan Chase's loan servicer, as well as against the attorneys who assisted JP Morgan Chase in the state proceedings. Givens alleged that defendants violated the FDCPA by failing to provide him with sufficient verification of his debt. He also brought related claims for conspiracy, intentional infliction of emotional distress, and violations of RICO. Foremost among the remedies requested, Givens asked that the district court issue a preliminary injunction enjoining defendants from entering the property at issue and "dispos[ing] of" the order of possession. After defendants moved for summary judgment, the district court dismissed Givens's complaint. The district court concluded that, under the *Rooker*- *Feldman* doctrine, it lacked subject matter jurisdiction over the suit because Givens was asking it to reverse the state court judgment. In the alternative, it held that Givens's suit was barred by the doctrine of *res judicata,* as his claims were either litigated, or could have been, during the state proceeding.

[1] The district court was correct. Because Givens is effectively attempting to appeal from the state order granting possession to JP Morgan Chase, his suit was properly dismissed under *Rooker*-*Feldman*. Pursuant to that doctrine, lower federal courts lack subject matter jurisdiction***609** to review the decisions of state courts. *D.C. Ct. of App. v. Feldman,* 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923). As the Supreme Court has recently clarified, however, the application of *Rooker*- *Feldman* is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Thus, *Rooker*- *Feldman* deprives a lower court of jurisdiction only when the cause of the plaintiff's complaints is the state judgment itself. *McCormick v. Braverman,* 451 F.3d 382, 393 (6th Cir.2006).

**2 Givens's suit fits squarely within this narrow range of cases over which jurisdiction does not exist. It is clear from his complaint that the source of Givens's injuries is the state possession order. Revealingly, the primary relief that Givens requests in his complaint is a temporary injunction that would "enjoin Defendants from physically entering onto plaintiff[']s property" and that would "dispos[e] ... of any other civil or procedural action regarding the subject property." Because the point of this suit is to obtain a federal reversal of a state court decision, dismissal on the grounds of *Rooker*- *Feldman* was appropriate.[FN1] *See Kafele v. Lerner, Sampson & Rothfuss, L.P.A.,* 161 Fed.Appx. 487, 489-90 (6th Cir.2005) ( *Rooker*- *Feldman* barred FDCPA action filed after entry of state foreclosure decree and order of sale).

> FN1. Even assuming that Givens's claims for intentional infliction of emotional distress could be construed as independent claims for relief, he has not made any arguments that even remotely assert this on appeal. This court consequently declines to address that issue. *See Overstreet v. Lexington-Fayette Urban County Gov't,* 305 F.3d 566, 578 (6th Cir.2002).

[2] For similar reasons, Givens's suit is also barred by the doctrine of *res judicata.* As discussed, Givens's arguments all come down to one premise: that JP Morgan Chase was not entitled to possession of the property in question. That issue, however, has already been litigated in the Michigan courts. Under Michigan law, a party may not bring a second, subsequent action when "(1)

the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v. State, 470 Mich. 105, 680 N.W.2d 386, 396 (2004)*. Because all of those criteria are satisfied here, dismissal was proper.


C.A.6 (Mich.),2008.
Givens v. Homecomings Financial
278 Fed.Appx. 607, 2008 WL 2121008 (C.A.6 (Mich.))