UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN CHRISTIAN,

      Plaintiff,

v.

WELLS FARGO BANK, ARGENT
MORTGAGE, and THE COUNTY
OF WAYNE,

      Defendants.
_____/

Case No. 09-13337
Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 17, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                 U.S. DISTRICT COURT JUDGE

Plaintiff initiated this *pro se* action against defendants on August 24, 2009, alleging violations of his rights in connection with a mortgage on real property located at 11395 Vaughan in Detroit, Michigan ("property"). Presently before the Court is a motion to dismiss or, in the alternative, for summary judgment filed by defendant Wells Fargo Bank ("Wells Fargo") on November 23, 2009. Plaintiff failed to file a response to the motion. On February 4, 2010, the Court dispensed with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(e)(2).

**I. Factual and Procedural Background**

In May 2005, Plaintiff signed a mortgage on the property in connection with a loan from defendant Argent Mortgage ("Argent") in the amount of $100,800. (Wells Fargo's Mot. Ex. B.) In his complaint, Plaintiff alleges that he was not provided with the "Notice of Right to Cancel" document at closing as required by the Truth in Lending Act ("TILA"). (Compl. ¶ 7.[1]) Sometime after closing, Argent assigned the mortgage to Wells Fargo. (Wells Fargo's Mot. Ex. C.)

By late 2007, Plaintiff had apparently defaulted on the loan and foreclosure proceedings were initiated, resulting in a foreclosure sale of the property. (*See id.* Ex. D.) Plaintiff alleges that Adrienne Sanders, who executed the Sheriff's Deed following the foreclosure sale on December 12, 2007, misrepresented that she was duly authorized to act as a "Deputy Sheriff" when she in fact was merely a "special deputy." (Compl. ¶¶ 1-2.[2]) Plaintiff further alleges that Adrienne Sanders was not even lawfully authorized to act as a special deputy under Michigan law. (*Id.*) Because of the alleged deficiencies regarding the authority of Adrienne Sanders, Plaintiff alleges that Argent and Wells Fargo were unjustly enriched by the foreclosure sale. (*Id.* ¶ 10.[3])

After Plaintiff's redemption period expired in June 2008, Wells Fargo filed an

---

[1] In certain sections of the complaint, Plaintiff restarts the numbering of his paragraphs. The paragraph referred to in this citation falls in the first set of numbered paragraphs under the heading "Count I Allegations Against Wells Fargo Bank."

[2] The paragraphs referred to in this citation fall in the second set of numbered paragraphs in the complaint under the heading "Elements of Fraud."

[3] The paragraph referred to in this citation falls in the first set of numbered paragraphs in the complaint under the heading "Count III: Holder in Due Course."

action for possession of the property in Wayne County District Court. After a hearing, the court granted judgment to Wells Fargo. (Wells Fargo's Mot. Ex. E.) Plaintiff appealed the judgment to the Wayne County Circuit Court but the appeal was dismissed without prejudice on October 1, 2008, when plaintiff failed to timely file a transcript. (*Id.* Ex. F.) Since that time, Wells Fargo has attempted on several occasions to evict Plaintiff from the property with orders of eviction from the Wayne County District Court. Plaintiff has managed to remain in possession, however, by re-occupying the property after lockout and by filing bankruptcies and civil lawsuits. As is particularly relevant to the present motion, Plaintiff filed a complaint against the same defendants named in the present action in Wayne County Circuit Court on April 14, 2009. Wayne County Circuit Court dismissed that lawsuit on May 1, 2009.

As previously noted, Plaintiff filed the present lawsuit on August 24, 2009.[4] Plaintiff's complaint asserts three claims: count I alleges a TILA violation by Wells Fargo; count III[5] is titled "Holder in Due Course" and alleges that Argent and Wells Fargo were unjustly enriched by Adrienne Sanders's unauthorized involvement in the foreclosure sale; and an unnumbered count alleges fraud by Wayne County related to

---

[4]On August 31, 2009, Plaintiff filed an "Ex Parte Emergency Motion for Automatic Stay of Proceedings in the 36th District Court or in the Alternative for Temporary Restraining Order." Therein, Plaintiff sought to enjoin enforcement of an eviction order from the Wayne County District Court apparently issued on August 28, 2009. The Court denied that motion on September 3, 2009.

[5]The complaint does not have a "count II."

Adrienne Sanders's unauthorized involvement in the foreclosure sale. On February 11, 2010, Argent was dismissed based on Plaintiff's failure to serve notice of process. In analyzing the present motion, the Court limits its analysis to the TILA and unjust enrichment claims because Wayne Count is not before the Court as a moving defendant.

**II. Standard of Review**

Wells Fargo filed the motion presently pending before the court as both a motion to dismiss and a motion for summary judgment. Because the Court will refer to the exhibits submitted by Wells Fargo in support of the motion, the Court construes the motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d). Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading . . . ." Fed. R. Civ. P. 56(e)(2).

**III.** *Rooker-Feldman*

Wells Fargo first argues that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine generally prohibits federal district courts from performing appellate review of state court rulings. *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008). When the doctrine applies, this Court lacks jurisdiction over the appealed claims. *Hutcherson v. Lauderdale County*, 326 F.3d 747, 755 (6th Cir. 2003). In 2005 the Supreme Court narrowly defined the types of claims that invoke "appellate" review. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-22 (2005) ("The *Rooker-Feldman* doctrine, we hold today, is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). Pursuant to this narrow interpretation of the doctrine:

> The inquiry . . . is the source of the injury the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.

*McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). Furthermore, claims concerning third party actions remain independent "even if relief is predicated on denying the legal conclusion reached by the state court." *Brown v. First Nationwide Mtg. Corp.*, 206 Fed. Appx. 436, 439 (6th Cir. 2006); *see also Exxon*, 544 U.S. at 293, 125 S. Ct. at 1527.

5

Although Plaintiff's unjust enrichment claim against Wells Fargo is nearly identical to a claim asserted in Plaintiff's Wayne County Circuit Court lawsuit, (*see* Wells Fargo's Mot. Ex. H ¶¶ 10-11), the *Rooker-Feldman* doctrine does not jurisdictionally bar Plaintiff from bringing his claims in this Court. *See Exxon Mobil*, 544 U.S. at 292-93, 125 S. Ct. at 1526-27 ("When there is parallel state and federal litigation, *Rooker-Feldman* is not triggered simply by the entry of judgment in state court. . . . Disposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law.") Plaintiff does not allege injury from the state court judgment; Plaintiff alleges injury from Adrienne Sanders's involvement in the foreclosure sale and asserts that Wells Fargo has been unjustly enriched as a result.[6] For purposes of the *Rooker-Feldman* analysis, it does not matter that relief to Plaintiff in the present action on the unjust enrichment claim would necessarily deny any legal conclusions reached by the state court on the same claim. The fact that Plaintiff is not identifying the state court judgment as the source of his injury is dispositive.

## IV. Res Judicata

Absent a *Rooker-Feldman* jurisdictional bar, Wells Fargo argues that Plaintiff's claims are barred by res judicata. "When a federal court is asked to give preclusive effect to a state court judgment, the federal court must apply the law of the state in which the

---

[6]This is in contrast to the relief sought by Plaintiff in his August 31, 2009, "Ex Parte Emergency Motion for Automatic Stay of Proceedings in the 36th District Court or in the Alternative for Temporary Restraining Order." That motion was barred by *Rooker-Feldman* because Plaintiff specifically sought relief from a state court order. (*See* Opinion and Order, September 3, 2009, docket no. 4.)

6

prior judgment was rendered in determining whether and to what extent the prior judgment should be given preclusive effect in a federal action." *Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 703 (6th Cir. 1999). In Michigan, "[r]es judicata bars a subsequent action between the same parties when the evidence or essential facts are identical." *Sewell v. Clean Cut Mgmt., Inc.*, 463 Mich. 569, 575, 621 N.W.2d 222, 225 (2001) (quoting *Dart v. Dart*, 460 Mich. 573, 586, 597 N.W.2d 82, 88 (1999)). More specifically, res judicata applies when:

> (1) there has been a prior decision on the merits, (2) the issue was either actually resolved in the first case or could have been resolved in the first case if the parties, exercising reasonable diligence, had brought it forward, and (3) both actions were between the same parties or their privies.

*Paige v. City of Sterling Heights*, 476 Mich. 495, 522 n.46, 720 N.W.2d 219, 234 n.46 (2006). Michigan courts broadly apply the doctrine of res judicata.[7] *Sewell*, 463 Mich. at 576, 621 N.W.2d at 225.

Plaintiff's pursuit of an unjust enrichment claim against Wells Fargo in the present action is precluded by the doctrine of res judicata. Plaintiff's civil lawsuit in Wayne County Circuit Court included a nearly identical claim of unjust enrichment against Wells Fargo and that court dismissed Plaintiff's lawsuit. (Wells Fargo's Mot. Ex. H ¶¶ 10-11, Ex. I.) Plaintiff cannot relitigate that claim in this Court.

Whether res judicata applies to Plaintiff's TILA claim is not as clear. Plaintiff's state court lawsuit alleged two claims regarding Adrienne Sanders's involvement in the

---

[7]An exception to the broad application of res judicata under Michigan law where summary proceedings are involved is not applicable to the present case.

7

foreclosure sale in 2007 and a third claim regarding the source of funds or assets used by Argent to finance Plaintiff's loan in 2005. (*Id.* Ex. H.) Plaintiff's state court lawsuit did not involve any claims related to the TILA. Nonetheless, Plaintiff's TILA claim in the present suit arises from events surrounding the loan/mortgage transaction in 2005. To the extent that Plaintiff's state court claim against Argent and his present TILA claim against Wells Fargo derive from the same transaction or occurrence—namely the loan/mortgage origination in 2005—it appears that the TILA claim could be barred by Michigan's broad application of the res judicata doctrine. Because the TILA claim is clearly barred by a separate affirmative defense asserted by Wells Fargo, however, the Court declines to definitively rule on the application of res judicata to the TILA claim.

## V. TILA: Statute of Limitations and Statute of Repose

Wells Fargo also argues that Plaintiff's TILA claim is time barred. Insofar as Plaintiff seeks damages under the TILA, the relevant statute of limitations has expired. TILA damages claims are to be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). In this case, Plaintiff's claims derive from the origination of the mortgage, meaning that the alleged violations occurred in May 2005. Furthermore, the alleged TILA violations were discoverable by Plaintiff at the moment they occurred; assuming Plaintiff's allegations are true, Plaintiff could have looked through the paperwork provided by his lender at the time of the loan/mortgage origination to discover that he had not been provided with notices regarding his right to cancel. Because more than a year passed between the origination of the mortgage and Plaintiff's filing of the lawsuit, Plaintiff's claim for damages under the TILA is barred by the statute

of limitations.

In regard to Plaintiff's claim for rescission, the TILA provides a statute of repose, not subject to equitable tolling, that terminates a borrower's right to rescind at the earlier of the expiration of three years from the origination of the transaction or upon subsequent sale of the property. 16 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor . . . ."). In this case, the transaction originated in May 2005, the property was sold at foreclosure sale in December 2007, and Plaintiff filed the present lawsuit in August 2009. Regardless of how the statute of repose is measured, Plaintiff is barred from obtaining rescission in the present case. Wells Fargo is therefore entitled to summary judgment on Plaintiff's TILA claim.

## VI. Conclusion

Plaintiff's complaint alleges two claims against Wells Fargo. Plaintiff's first claim alleging unjust enrichment is barred by res judicata given the dismissal of a nearly identical claim in a separate state court action. Plaintiff's second claim alleging a TILA violation is time barred under the relevant statute of limitations and statute of repose.

Accordingly,

**IT IS ORDERED** that Wells Fargo's Motion for Summary Judgment is **GRANTED**.

s/PATRICK J. DUGGAN

UNITED STATES DISTRICT JUDGE

Copies to:
Melvin Christian
11395 Vaughan St.
Detroit, MI 48228

Richard Welke, Esq.
Margaret M. Flanagan, Esq.