UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN CHRISTIAN,
    Plaintiff,

v.

Case No. 09-13337
Honorable Patrick J. Duggan

WELLS FARGO BANK, ARGENT
MORTGAGE, and THE COUNTY
OF WAYNE,
    Defendants.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 16, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

Plaintiff initiated this *pro se* action against defendants on August 24, 2009, alleging violations of his rights in connection with a mortgage on real property located at 11395 Vaughan in Detroit, Michigan ("property"). Presently before the Court is a motion for summary judgment and dismissal filed by defendant Wayne County on March 29, 2010. The motion has now been fully briefed. On July 12, 2010, the Court dispensed with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

**I. Factual and Procedural Background**

The Court previously set forth the facts giving rise to this lawsuit in its February 17, 2010, Opinion and Order dismissing defendant Wells Fargo. In sum, Plaintiff signed

a mortgage on the property in connection with a loan from defendant Argent Mortgage ("Argent") in the amount of $100,800 in May 2005. Sometime after closing, Argent assigned the mortgage to Wells Fargo and, by late 2007, Plaintiff defaulted on the loan. Foreclosure proceedings were then initiated, resulting in a foreclosure sale of the property. (*See* Wayne County's Mot. Ex. A.)

As relevant to the motion presently pending before the Court, Plaintiff alleges that Adrienne Sanders, who executed the Sheriff's Deed following the foreclosure sale on December 12, 2007, misrepresented that she was duly authorized to act as a "Deputy Sheriff" when she in fact was merely a "special deputy." (Compl. ¶¶ 1-2.[1]) Plaintiff further alleges that Sanders was not even lawfully authorized to act as a special deputy under Michigan law. (*Id.*) Based on these allegations, Plaintiff seeks to hold Wayne County liable for fraud.

On April 14, 2009, prior to filing this lawsuit, Plaintiff filed a complaint against the same defendants in Wayne County Circuit Court. Therein, Plaintiff challenged Sanders's role in the foreclosure process and alleged that she was "not a deputy, undersheriff, or sheriff." (Wayne County's Mot. Ex. D ¶ 6.) Wayne County Circuit Court dismissed that lawsuit on May 1, 2009. (*Id.* Ex. E.)

---

[1]In certain sections of the complaint, Plaintiff restarts the numbering of his paragraphs. The paragraphs referred to in this citation fall in the second set of numbered paragraphs in the complaint under the heading "Elements of Fraud."

As previously noted, Plaintiff filed the present lawsuit on August 24, 2009.[2] On February 11, 2010, Argent was dismissed based on Plaintiff's failure to serve. On February 17, 2010, the Court granted a motion for summary judgment filed by Wells Fargo. The Court now considers the sole remaining claim against Wayne County.

**II. Standard of Review**

Wayne County filed the motion presently pending before the court as both a motion to dismiss and a motion for summary judgment. A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1964-65 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct at 1966).

---

[2]On August 31, 2009, Plaintiff filed an "Ex Parte Emergency Motion for Automatic Stay of Proceedings in the 36th District Court or in the Alternative for Temporary Restraining Order." Therein, Plaintiff sought to enjoin enforcement of an eviction order from the Wayne County District Court apparently issued on August 28, 2009. The Court denied that motion on September 3, 2009.

As the Supreme Court recently provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to unsupported legal conclusions. *Iqbal*, 129 S. Ct. at 1950. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. In conducting this analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 504, 514 (6th Cir. 1999).

4

Meanwhile, summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). The central inquiry on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

**III. Res Judicata**

Wayne County first seeks dismissal or summary judgment on grounds that Plaintiff's claims are barred by res judicata. "When a federal court is asked to give preclusive effect to a state court judgment, the federal court must apply the law of the state in which the prior judgment was rendered in determining whether and to what extent the prior judgment should be given preclusive effect in a federal action." *Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 703 (6th Cir. 1999). In Michigan, "[r]es judicata bars a subsequent action between the same parties when the evidence or essential facts are identical." *Sewell v. Clean Cut Mgmt., Inc.*, 463 Mich. 569, 575, 621 N.W.2d 222, 225 (2001) (quoting *Dart v. Dart*, 460 Mich. 573, 586, 597 N.W.2d 82, 88 (1999)). More specifically, res judicata applies when:

> (1) there has been a prior decision on the merits, (2) the issue

>was either actually resolved in the first case or could have been resolved in the first case if the parties, exercising reasonable diligence, had brought it forward, and (3) both actions were between the same parties or their privies.

*Paige v. City of Sterling Heights*, 476 Mich. 495, 522 n.46, 720 N.W.2d 219, 234 n.46 (2006). Michigan courts broadly apply the doctrine of res judicata.[3] *Sewell*, 463 Mich. at 576, 621 N.W.2d at 225.

Plaintiff's pursuit of a fraud claim against Wayne County in the present action is precluded by the doctrine of res judicata. Plaintiff's civil lawsuit in Wayne County Circuit Court included similar allegations against Wayne County regarding Sanders's involvement in the foreclosure sale, and that court dismissed Plaintiff's lawsuit. In response to the present motion, Plaintiff appears to acknowledge that he is seeking relief from what he believes to be an erroneous decision of the Wayne County Circuit Court. (Pl.'s Resp. at 4 ("In sum, plaintiff is fairly contending that the circuit court judge's rulings in the sate court was [sic] erroneous . . . ."). Plaintiff, however, cannot relitigate that decision in this Court.[4] Finally, Plaintiff's argument that granting Wayne County's present motion would violate his Seventh Amendment right to a trial by jury lacks merit.

---

[3] An exception to the broad application of res judicata under Michigan law where summary proceedings are involved is not applicable to the present case.

[4] On May 10, 2010, Plaintiff "filed" an amended complaint with the Court. Therein Plaintiff elaborates on his claim regarding Sanders's allegedly improper involvement in the sheriff's sale and adds allegations regarding Wayne County's supposedly fraudulent attempts to explain her involvement. Under the Federal Rules of Civil Procedure, Plaintiff may only amend his complaint at this point in the litigation with the consent of Wayne County or with leave of the Court. *See* Fed. R. Civ. P. 15(a)(2). Plaintiff obtained neither. Plaintiff's "First Amended Complaint" therefore is not the effective complaint in this case. In any event, the Court notes that acceptance of the First Amended Complaint would not change the outcome of this litigation.

*Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 336, 99 S. Ct. 645, 654 (1979) ("The Seventh Amendment has never been interpreted in the rigid manner advocated by the petitioners. On the contrary, many procedural devices developed since 1791 that have diminished the civil jury's historic domain have been found not to be inconsistent with the Seventh Amendment."). The Court therefore grants Wayne County's motion and need not address Wayne County's remaining arguments for dismissal.[5]

Accordingly,

**IT IS ORDERED** that Wayne County's Motion for Summary Judgment and Dismissal is **GRANTED**.

A judgment consistent with this order shall enter.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Melvin Christian
11395 Vaughan St.
Detroit, MI 48228

Margaret M. Flanagan, Esq.

---

[5]Wayne County argues in its motion that Sanders was a duly appointed Special Deputy Sheriff authorized to conduct the sheriff's sale at issue in this litigation. Additionally, Wayne County argues that, if Sanders was not so appointed and authorized, it is entitled to governmental immunity, that the relevant statutes provide Plaintiff with no private right of action, and that Plaintiff failed to plead the alleged fraud with sufficient particularity.